FILED
SUPERIOR COURT
OF GUAM

2019 JUN -3 PM 1:40

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

vs.

RAMON MIGUEL MANALO MENESES,

Defendant.

)
)
)
)
)
)
)
)
)
)

Criminal Case No. CF0098-19

**DECISION AND ORDER**
**(Defendant's Motion for Release)**

## INTRODUCTION

This matter is before the Honorable Anita A. Sukola on Defendant Ramon Miguel Manalo Meneses's ("Defendant") Motion to Allow Release, Subject to Third-Party Custodian Oversight. The People are represented by Assistant Attorney General Jeremy S. Kemper. Defendant is represented by Attorney Clyde Lemons. A Motion Hearing took place on May 24, 2019, after which the Court ruled from the bench **DENYING** Defendant's motion. This Decision and Order follows, memorializing the Court's decision.

## FACTS

1. On February 18, 2019, GPD officers conducted a traffic stop on a vehicle they noticed was speeding in Tamuning. Magistrate's Complaint (Feb. 19, 2019). After officers approached the vehicle, they noted Defendant had bloodshot eyes and was fidgety. Id. Defendant gave consent for a search of the vehicle and handed some marijuana to the officers prior to the search. Id. The officers then conducted the search and found a handgun and $3,500.00 in cash. Id. The officers also searched Defendant's person and found suspected LSD tabs and suspected MDMA pills. Id. An additional search of the car yielded 165 grams of methamphetamine, another loaded firearm, suspected drug ledgers, and more marijuana. Id. The total amount of marijuana seized was approximately 42 grams. Id. Based on this information, police applied for and received a search warrant for Defendant's residence. Id. Inside the residence police recovered

ORIGINAL

two more firearms, methamphetamine paraphernalia, packaging materials, and more marijuana. Id. Police discovered a locked safe which they searched and found a large bag of methamphetamines as well as multiple documents with Defendant's name. Id. Furthermore, police discovered a hidden compartment in one of the walls of the residence which contained packages containing more methamphetamine. Id. In total, officers seized 5.27 pounds of methamphetamine and 837 grams of marijuana from the residence. Id. Defendant was arrested and subsequently incarcerated for the acts alleged in this case. Minute Entry (Feb. 19, 2019). Cash bail was set at $100,000.00. Id.

2. On February 28, 2019, the People filed an Indictment charging Defendant with Possession of a Schedule I Controlled Substance with Intent to Deliver (As a First Degree Felony), Possession of a Schedule II Controlled Substance with Intent to Deliver (As a First Degree Felony), and four counts of Possession of a Firearm without a Guam Firearms Identification Card. Indictment (Feb. 28, 2019).

3. On May 8, 2019, Defendant filed a Motion to Allow Release, Subject to Third-Party Custodian Oversight. The People filed an Opposition on May 13, 2019.

4. This matter came before the Court for a Motion Hearing on May 24, 2019, after which the Court denied the Motion from the bench.

**PRINCIPLES OF LAW**

Section 40.50 of Title 8 of the Guam Code states, "A person for whom conditions of release are imposed pursuant to this Chapter, and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA §40.50.

Section 40.10 of the Guam Code provides that "every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." Id. § 40.10. Section 40.15 (b) requires, "The judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). Id. § 40.15(b). The law identities several factors in making such a

determination, which include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

(A) length of his/her residence on Guam;

(B) his/her employment status and history, and financial condition;

(C) his/her family ties and relationships;

(D) his/her reputation, character, and mental and physical condition;

(E) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(F) his/her history relating to drug or alcohol abuse;

(G) the identity of the reasonable members of the community who will vouch for his/her reliability;

(H) whether, at the time of the current offense or arrest, he/she was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and

(I) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;

(4) statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;

(5) lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and

(6) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

Id. § 40.15(c). If a court finds that a defendant is not suitable for release, it is to impose the least onerous of the following conditions of release:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in court;

(b) placement of restrictions on the activities, movements, associations, and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he/she return to custody at specified times

Id. § 40.20.

## DISCUSSION

At the Motion Hearing, Defense Counsel presented three potential custodians: (1) Defendant's father, Ramon C. Meneses, who is employed as a supervisor by Hawaiian Rock, (2) Defendant's mother, Eden Meneses, who is a housewife, and (3) Benito Isip Jr., Defendant's friend. Mot. for Release at 2. All three of the proposed custodians provided testimony during the Motion Hearing. The Court does not find that any of the proposed custodians will sufficiently allay its concerns.

The Court finds that Defendant is a flight risk. Defendant has dual citizenship with the Philippines and has family there. The amount of drugs and cash found at Defendant's residence and in his car suggests that he may have substantial assets. His familial ties in the Philippines, together with Defendant's significant assets, provide him with an opportunity to leave Guam. There is also an incredibly high probability of conviction in this case, giving Defendant increased motive to flee. During the Motion Hearing, both of Defendant's parents told the Court that Defendant is either self-employed or unemployed, yet did not seem to struggle financially. This gives further credence to the Court's finding that there is a high chance of conviction in this case, and also suggests that the third-party custodians were aware of Defendant's criminal activity.

Additionally, the Court is concerned by the factual dispute concerning Defendant's alleged motorcycle. From the testimony taken during the Motion Hearing, the Court has determined the following: after Defendant was arrested, a law enforcement agent informed Defendant's mother, Eden Meneses, that a motorcycle discovered at Defendant's home was not to be transferred from the home. The parties disagree as to whether the officer told Eden that either (1) no one was to transport the motorcycle from the premises, or (2) Eden was not to allow any strangers from coming and taking the motorcycle. In any event, the motorcycle was taken from the premises. Eden states that the motorcycle did not belong to Defendant, but instead belonged to a relative, and Eden allowed that relative to come and take the motorcycle. While the factual record is not clear at this time, the Court is concerned with the allegation that one of the proposed third-party custodian's may have aided Defendant in disposing the motorcycle, which may be either potential evidence or an asset subject to forfeiture. The Court

further finds that Eden is unsuitable as a third party custodian because she may be called as a witness during trial.

The Court also finds that Defendant poses a risk to the community, as he was found with two unregistered firearms in his car and two more unregistered firearms in his residence.

### CONCLUSION AND ORDER

For the reasons set forth above, Defendant's Motion to Allow Release, Subject to Third-Party Custodian Oversight is **DENIED.**

SO ORDERED, this ___3___ day of _____June_____ 2019.


_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

AG, David Lujan

Date: 6/3/19   Time: 1:45pm

Antonio P. Cruz
Deputy Clerk, Superior Court of Guam